## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**DIMITRI WOLF**                                                                                            **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 5:25-CV-P130-JHM**

**COMMONWEALTH OF KENTUCKY** *et al.*                           **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Dimitri Wolf was formerly incarcerated as a convicted prisoner at Western Kentucky Correctional Complex (WKCC). Plaintiff names the following as Defendants in this action – the Commonwealth of Kentucky, Kentucky Department of Corrections (KDOC) Commissioner Cookie Crews, KDOC Deputy Commissioner Scott Jordan, KDOC Ombudsman Allyson Lambert, WKCC Warden Bobbi Butts, WKCC Deputy Warden Jon Harris, WKCC Adjustment Chairman Andrew Kenyon, and WKCC Correctional Officers Ryan Crowder and Neil Spaulding. Plaintiff sues all Defendants in their official capacities and Defendants Jordan, Butts, Kenyon, Crowder, and Spalding in their individual capacities as well.

Plaintiff makes the following allegations:

> On 3-21-24 . . . did a inventory search without my permission, presents, and knowledge, during such search items was allegedly found I received two (2) separate disciplinary reports for those items allegedly found on listed date of 3-22-24 of categories 6-03 possession or promoting dangerous contraband. During the times an dates listed I was in my housing unit of SMU/RHU and cell #8 on B-walk and doing so is in violation of KDOC Policies and Procedures . . . .

(DN 1).

Plaintiff alleges that Defendants Crowder and Spaulding violated his Fourth and Fourteenth Amendment rights under the U.S. Constitution, as well as his rights under the Kentucky Constitution and KDOC Policies and Procedures. Plaintiff alleges that the "parties involved" failed to "protect [my] due process rights for illegally seizures and searches of property without describing the things to be seized by upon probable cause, and on listed times and dates . . . ."

As relief, Plaintiff seeks reimbursement for the property that was taken during the respective searches, expungement of the related disciplinary reports, and release at his next parole hearing.[1]

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] In the complaint, Plaintiff indicates that he has filed a state court action involving these same facts in Elliott County Circuit Court, *Wolfe v. Commonwealth of Kentucky*, No. 24-cv-00128. However, the KYeCourts CourtNet 2.0 system (CourtNet), *see* https://kcoj.kycourts.net/kyecourts, shows that the complaint filed in that action pertains to events that occurred at Little Sandy Correctional Complex, and not at WKCC. Plaintiff has attached a copy of an order from Lyon Circuit Court dismissing a case that seems to have pertained to the same the events set forth in this case (DN 1-1, PageID #117-18). However, that order shows that that case was dismissed on July 7, 2025, not on the merits, but for a procedural reason - because Plaintiff failed to provide proof that he had exhausted his administrative remedies. (*Id.*).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And a court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require a court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

### A. § 1983 Claims

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. Gomez v. Toledo, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### 1. Commonwealth of Kentucky and Official-Capacity Claims

Plaintiff's claim against the Commonwealth of Kentucky and his official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

#### 2. Individual-Capacity Claims

##### a. Defendants Kenyon, Jordan, and Butts

Although Plaintiff does mention these Defendants in the complaint, the records Plaintiff attached to the complaint indicate that Defendant Kenyon presided over the two disciplinary hearings about which Plaintiff complains and found him guilty of the charges against him; that Defendant Butts considered his appeal and granted it in part; and that Defendant Jordan declined to consider Plaintiff's appeal because Defendant Jordan's job duties, as the KDOC Deputy Commissioner, did not include hearing disciplinary appeals. These records also show that Plaintiff initially received 30 days in segregation for each charge, to be run consecutively. The

records further show that, on appeal, Defendant Butts amended one of Plaintiff's charges down and sentenced him to only 15 days in segregation for that conviction.

The Court construes Plaintiff's claims against these Defendants to be that they violated his right to due process during his disciplinary proceedings. "The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). An incarcerated individual does not have a protected liberty interest in connection with prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 487, 484 (1995). Here, Plaintiff's documents reflect that he received, at maximum, 60 days in segregation as a result of the two challenged disciplinary proceedings.

To determine whether segregation of an inmate from the general prison or jail population involves the deprivation of a liberty interest protected by the Due Process Clause of the Fourteenth Amendment, the Court must determine if the segregation imposes an "'atypical and significant' hardship on the inmate 'in relation to the ordinary incidents of prison life.'" *Jones v. Baker*, 155 F.3d 810, 811 (6th Cir. 1998) (quoting *Sandin*, 515 U.S. at 483). In *Sandin*, the Supreme Court concluded that placement in segregation for 30 days did not impose an atypical and significant hardship. *Id*. The Sixth Circuit has held that more than one year in placement in administrative segregation does not implicate a prisoner's due process rights. *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Instead, generally only periods of segregation lasting for several years or more have been found to be atypical and significant. *See, e.g.*, *Selby v. Caruso*, 734 F.3d 554, 559 (6th

5

Cir. 2013) (concluding that thirteen years of segregation implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (finding that eight years of segregation implicates a liberty interest).

In light of this jurisprudence, the Court concludes that Plaintiff's 60 days in segregation do not implicate a liberty interest and will therefore dismiss his due process claims against these Defendants.

### b. Defendants Crowder and Spalding

Plaintiff alleges that Defendants Crowder and Spalding searched his inventoried property and seized some of that property without probable cause. The Court construes this as a Fourth Amendment claim. However, the Supreme Court has held that the Fourth Amendment does not apply to searches and seizures within a prison setting because prisoners have no legitimate expectation of privacy in prison. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984).

Moreover, to the extent that Plaintiff is asserting Fourteenth Amendment due process claims based upon the deprivation of property by Defendants Crowder and Spalding, these claims also fail. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson*, 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Thus, to state a claim for deprivation of property without due process under § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543-44. The law of this circuit is in accord. The Sixth Circuit has held that "[i]n section 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are

inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*.

Finally, although Plaintiff claims that Defendants Crowder and Spaulding violated various KDOC policies in their search and seizure of his property, the failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Sandin*, 515 U.S. at 481-82; *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation); *White v. Perron*, No. 2:20-cv-247, 2021 U.S. Dist. LEXIS 163407, at *9 (W.D. Mich. Aug. 30, 2021) ("Courts have routinely recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure." (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)).

For these reasons, the Court concludes that Plaintiff's constitutional claims against Defendants Crowder and Spaulding must be dismissed for failure to state a claim upon which relief may be granted.

### B. State-Law Claims

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the claims he brought under various provisions of the Kentucky Constitution. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim" in situations when "the district court has dismissed all claims over which it has original jurisdiction.").

## IV.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date: November 3, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011

8